# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **TERESA LYNN EILAND,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )   **Civil Action No.:** |
| v. | )   **2:18-CV-01063-MHT** |
| | ) |
| **LIFE INSURANCE COMPANY** | ) |
| **OF NORTH AMERICA,** | ) |
| | ) |
|     **Defendant.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

    1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 28, 2019, and at various other times, and was attended by M. Clayborn Williams on behalf of Plaintiff Teresa Lynn Eiland ("Plaintiff") and Grace R. Murphy on behalf of Defendant Life Insurance Company of North America ("Defendant").

    2.    **Pre-discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1 (a)(1) on or before **April 1, 2019**.

    3.    **Electronically Stored Information**: Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure. Relevant, non-privileged electronic information initially may be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. The parties would then reserve the right to request that any ESI be produced in its native format

or a reasonably usable form. Consistent with the aforementioned rules, if any ESI is not reasonably accessible due to undue burden or cost, a party may file a motion to limit production of the ESI in accordance with Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

In the event of inadvertent disclosure of documents containing attorney/client privileged and/or attorney work product information, the parties agree that they shall return such documents to the disclosing party and shall not retain any copies thereof.

4. **General Claims/Defenses:** The general claims and defenses of the parties are as follows:

> a. Plaintiff was a participant in a welfare benefit plan established and maintained by her former employer, International Paper Company, to provide, in part, long term disability ("LTD") benefits to eligible employees. Said plan was funded in part by a group policy of insurance issued by Defendant. Plaintiff filed a claim for LTD benefits under the group insurance policy. Plaintiff alleges that Defendant's subsequent denial of her benefits was wrongful and in violation of ERISA. Accordingly, Plaintiff seeks the recovery of benefits due under the group policy pursuant to 29 U.S.C. §1132(a), pre-judgment interest, costs and expenses, and attorneys' fees.

> b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that it properly adjudicated Plaintiff's claim for LTD benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that Plaintiff failed to demonstrate eligibility for LTD benefits under the terms and provisions of the group policy and Plan. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

5. **Discovery Plan**[1]:

   a. Discovery will be needed on the following subjects from Defendant:

   > (i.) All factual allegations and claims made by Plaintiff in her Complaint;
   >
   > (ii.) All damages claimed by Plaintiff in this matter; and
   >
   > (iii.) All defenses raised by Defendant in this matter.

   b. All discovery commenced in time to be completed by **December 13, 2019**.

   c. Maximum of **25** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. Maximum of **30** requests for admission by each party to any other party without approval of the Court. (Responses due **30** days after service).

---

[1] The parties have opposing views on the relevance and scope of discovery in ERISA actions. It is Defendant's position that to the extent the Court's review of Defendant's claim determination is governed by the arbitrary and capricious standard of review and, as such, if discovery is necessary, discovery is limited pursuant to Eleventh Circuit authority. Defendant reserves the right to limit discovery to information contained in the administrative record and Plan documents, and to object to any discovery outside of those documents. Plaintiff's position is that even if the standard of review is arbitrary and capricious, she is still entitled to discovery as to "facts known" by Defendant at the time of the claims review. Plaintiff further contends that discovery is available in ERISA cases as to the following subjects: (i) defendants' internal guidelines and procedures, (ii) service agreements between defendants or third parties involved in Plan administration, (iii) information about the completeness (or incompleteness) of the ERISA record and (iv) information about the level of conflict of interest under which the fiduciaries were acting.

   d. Maximum of **5** depositions by Plaintiff and **5** by Defendant (with no deposition to exceed 7 hours) without prior approval of the Court.

   e. Reports from retained experts under Rule 26(a)(2) due:

     (i.) from **Plaintiff** by **September 27, 2019**; and

     (ii.) from **Defendant** by **November 1, 2019**.

   f. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

  6. **Other items.**

   a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

   b. The parties should be allowed until **June 28, 2019**, to join additional parties and to amend the pleadings, and until **August 9, 2019**, to respond to any above-mentioned amendments.

   c. All potentially dispositive motions should be filed by **January 10, 2020**.

   d. The parties are receptive to mediation but do not request Court ordered mediation at this time.  The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

   e. The Parties request a final pretrial conference **in July 2020**.

f.  Final lists of trial evidence under Rule 26(a)(3) should be due **July 10, 2020**.

g.  Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h.  The case should be ready for a nonjury trial during this Court non-jury trial setting beginning **August 24, 2020**, and at this time is expected to take approximately **1-2 days**.

Respectfully Submitted:  February 28, 2019.

/s/ M. Clayborn Williams
Ariel S. Blocker
M. Clayborn Williams
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, Alabama 35402
Ph: (205) 343-1771
Fax: (205) 343-1781
*Attorneys for Plaintiff*

/s/ Grace R. Murphy
William B. Wahlheim, Jr.
Grace Robinson Murphy
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Ph: (205) 254-1000
Fax: (205) 254-1999
*Attorneys for Defendant*